IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

ELECTRONICALLY FILED
Jan 04 2024
U.S. DISTRICT COURT
Northern District of WV

STACY BATES and
THERESA BATES,

        Plaintiffs,

v.                                                                        Civil Action No. **1:24-CV-3 (Kleeh)**

SKANA ALUMINUM COMPANY,
A Wisconsin Corporation,

        Defendant.

## NOTICE OF REMOVAL

1.    Pursuant to 28 U.S.C. Sections 1441 and 1446, Defendant Skana Aluminum Company removes this civil action from state court to federal district court. Removal is proper because original jurisdiction in the district court may be founded upon diversity jurisdiction pursuant to 28 U.S.C. Section 1332.

2.    On or about November 29, 2023, Plaintiffs filed this action in the Circuit Court of Harrison County, West Virginia, styled *Stacy Bates and Theresa Bates v. Skana Aluminum Company*, Civil Action No. 23-C-260, and is now pending in that court. A true and correct copy of the initial pleading is attached as Exhibit 1. Further, a certified copy of the docket sheet and state court record is attached as Exhibit 2.

3.    This action is removable because it could originally have been filed in this Court pursuant to complete diversity of citizenship jurisdiction conferred by Section 1332 since the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the defendant is not a citizen of the same state as the plaintiffs.

4.    Upon information and belief, Plaintiffs Stacy Bates and Theresa Bates are citizens of Wetzel County, in the State of West Virginia under Section 1332. *See* Complaint at ¶ 1.

1

5. For purposes of establishing diversity of citizenship, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. . . ." 28 U.S.C. §1332(c)(1).

6. Skana Aluminum Company is a Wisconsin corporation with its principal place of business located at 2009 Mirro Drive, Manitowoc, Wisconsin. Therefore, Skana Aluminum Company is a citizen of Wisconsin under Section 1332(c)(1) for purposes of determining citizenship in diversity actions.

7. Thus, there is complete diversity of citizenship in this action under Section 1332.

8. The amount of damages sought by Plaintiffs in their Complaint are not specified. Upon information and belief, however, the amount in controversy exceeds the jurisdictional amount set forth in Section 1332(a), which is $75,000.00.

9. "A defendant who removes a case from state court in which the damages sought are unspecified, asserting the existence of federal diversity jurisdiction, must prove by the preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount." *Ashworth v. Albers Medical, Inc.*, 395 F. Supp. 2d 395, 413 (S. D. W. Va. 2005). "The amount in controversy, if not specified in the complaint, must be determined on the likely monetary relief that may be granted to the plaintiffs if they succeed on all of their claims asserted in good faith." *Id.*

10. In the present case, the nature of Plaintiffs' claims provides evidence that the amount in controversy exceeds the jurisdictional minimum. In their Complaint, Plaintiffs allege that Defendant Skana Aluminum Company violated West Virginia Code Section 23-4-2(d)(2)(B) (deliberate intent). Plaintiffs allege that Stacy Bates fractured his left wrist and sustained permanent nerve damage and complex regional pain syndrome. Plaintiff allege that Mr. Bates "suffered a serious, permanent, and disabling injury resulting in surgery". Plaintiffs allege that

Mr. Bates "sustained severe and permanent injuries and damages". Plaintiffs allege that Mr. Bates "has been awarded a final 20% whole person impairment award". Plaintiffs seek recovery for the following damages: physical pain and suffering; mental anguish and suffering; permanent physical impairment; loss of wages and benefits; loss of future earning capacity and benefits; loss of capacity to enjoy life; medical expenses past and future; annoyance and inconvenience; and loss of consortium. *See* Complaint.

11. Under West Virginia law, Plaintiffs' recovery is theoretically unlimited and only a binding stipulation that Plaintiffs will not seek nor accept more than $75,000 could limit their recovery. *See Hicks v. Herbert*, 122 F. Supp. 2d 699 (S.D.W.Va 2000). Plaintiffs Complaint contains no such stipulation and also sets forth claims that Mr. Bates sustained a permanent injury and he will continue to suffer damages in the future.

12. Therefore, without conceding that Plaintiffs are entitled to any damages, which is expressly denied, Defendant Skana Aluminum Company has a good-faith basis to believe that the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00. If the Court for any reason is inclined to disagree, the Defendant respectfully requests the opportunity to conduct jurisdictional discovery to confirm the amount in controversy.

13. Accordingly, federal jurisdiction is founded upon diversity of citizenship, pursuant to Section 1332, as this civil action is a matter between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

14. This court is the appropriate federal venue because Harrison County is located within the district court's jurisdictional territory. 28 U.S.C. § 110.

15. By removing this action, Defendant Skana Aluminum Company reserves its right to assert all available defenses.

16. This notice is timely under 28 U.S.C. Section 1446(b) because it is filed within thirty (30) days after service of a copy of the initial pleading.

WHEREFORE, Defendant Skana Aluminum Company requests that this action be removed from the Circuit Court of Harrison County, West Virginia, to the United States District Court for the Northern District of West Virginia.

**SKANA ALUMINUM COMPANY,**

**BY COUNSEL**

/s/ *Christopher B. Denson*
Christopher B. Denson, Esq.
W. Va. State Bar #8031
Taylor Law Office
330 Scott Avenue, Suite 3
Morgantown, WV 26508
Phone: 304-225-8529
Fax: 304-225-8531
cdenson@taylorlawofficewv.com

## CERTIFICATE OF SERVICE

I certify that on the 4th day of January, 2024, I electronically filed the foregoing "Notice of Removal" with the Clerk of the Court using the CM/ECF system, and on this same day served a copy upon counsel of record by depositing a true copy thereof in the United States mail, postage prepaid, in envelopes addressed as follows:

> J. Ryan Stewart, Esq.
> Jacob Snuffer, Esq.
> Bailey Javins & Carter, LC
> 213 Hale Street
> Charleston, WV 25301
>
> Eric M. Hayhurst, Esq.
> Hayhurst Law PLLC
> 34 Commerce Drive, Suite 203
> Morgantown, WV 26501

/s/ *Christopher B. Denson*